**Jerry Edward SWARTZ, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**Nos. A–17199, 17200.**

Court of Criminal Appeals of Oklahoma.

March 8, 1972.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Jerry Edward Swartz, hereinafter referred to as defendant, pleaded guilty on October 17, 1969, in the District Court of Oklahoma County, Oklahoma, to the offenses of Forgery in the Second Degree, CRF–69–1262, and Defrauding an Innkeeper, CRF–70–275, and received a concurrent five-year sentence in each case. The court suspended the sentences and placed the defendant under the supervision of the Probation Office. An Application to Revoke the Suspended Sentence was filed and upon hearing said application on July 7, 1971, this Court ordered that the suspended sentences be revoked, and from said orders, timely appeals have been perfected to this Court, which have been consolidated for the purpose of this opinion.

At the Revocation Hearing, Glen Mace testified that he was a Probation and Parole Officer with the State of Oklahoma. On March 13, 1970, the defendant was assigned to his supervision and was advised of the requirements of monthly reporting. Defendant reported as required for the months of March and April, 1970, and Mace last saw the defendant on June 9, 1970. On June 17, 1971, defendant reported to Mace by telephone. From the period from June, 1970, to June, 1971, the defendant made no reports to the probation officer. Defendant was not given permission to leave the State of Oklahoma.

Defendant testified that shortly after being given the suspended sentences, he went to New Mexico and then Kansas because of illness and death of members of his family. He further testified that he was under "emotional stress" during this period of time. He admitted that he was one and the same as the person convicted in Pittsburg, Kansas of the offense of Bogus Check on November 24, 1970. We observe that three of the court imposed conditions of the defendant's suspended sentences were that he not violate any city, state or federal law, that he could not leave the State without first having received written permission of the Correction Office to do so, and that he must report to the Corrections Department as directed by them. We are of the opinion that the evidence is uncontradicted that the defendant did in fact violate these terms of his suspended sentences. The Orders Revoking the Suspended Sentences are accordingly affirmed.

BRETT and SIMMS, JJ., concur.